**Eric Hinckley (7-5997)**
**James Jackson (7-5996)**
**LOWE LAW GROUP**
**Attorneys for Plaintiff**
**6028 S. Ridgeline Drive**
**Suite 200**
**Ogden, Utah 84405**
**Telephone: (801) 917-8500**
**Fax: (801) 917-8484**
**eric_h@lowelawgroup.com**
**james@lowelawgroup.com**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| **VICTOR GRICE,** | : | **COMPLAINT** |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | Civil No. |
| **RIGOBERTO BADILLA; NORTH COAST** | : | Judge: |
| **LOGISTICS, INC.; MICHAEL HOLDREN;** | : | |
| **SWIFT TRANSPORTATION COMPANY** | : | |
| **OF ARIZONA, LLC; DOES I through X;** | : | |
| **ROES XI THROUGH XX,** | : | |
| | : | |
| Defendants. | : | |
| | : | |

Victor Grice ("Plaintiff") alleges and complains against the Defendants identified above as follows:

### PARTIES

1. Plaintiff is and was at all times relevant hereto a resident of Twin Falls County, Idaho.

2. Defendant Rigoberto Badilla is and was at all times relevant hereto a resident of Pima County, Arizona.

3. Defendant North Coast Logistics, Inc. ("North Coast") is a California corporation doing business in Wyoming.

4. Defendant Michael Holdren is and was at all times relevant hereto a resident of Osceola County, Iowa.

5. Defendant Swift Transportation Company of Arizona, LLC is and was at all times relevant hereto an Arizona corporation doing busines in Wyoming.

6. Does I through X and Roes XI through XX are individuals or entities whose identities and addresses are presently unknown who also may have caused injuries to Plaintiff.

## JURISDICTION AND VENUE

7. This court has jurisdiction over this action pursuant to 28 USC 1332 based on the fact that there is diversity of citizenship between Plaintiff and each Defendant and the amount in controversy exceeds $75,000.00 with respect to each Defendant.

8. Venue is proper pursuant to 28 U.S.C. § 1402(b) in that the acts complained of occurred in the District of Wyoming.

## FACTS

9. On January 31, 2020, Plaintiff was driving a semi-truck eastbound on Interstate 80 in Albany County, Wyoming.

10. At or around the same time, while in the course and scope of his employment with North Coast, Defendant Badilla was driving a semi-truck owned by North Coast also eastbound on Interstate 80 in Albany County, Wyoming in front of Plaintiff's vehicle.

11. While in the course and scope of his employment with Swift Transportation, Defendant Holdren was driving a semi-truck owned by Swift Transportation eastbound on Interstate 80 in Albany County, Wyoming behind Plaintiff's vehicle.

12. As the parties were travelling eastbound, without any advanced warning or notice, Defendant Badilla rear ended the truck travelling in front of the North Coast semi-truck he was driving.

13. This collision resulted in the North Coast semi-truck coming to a rest on Interstate 80 causing approximately fifteen (15) other vehicles to come to a stop or avoid the North Coast semi-truck in the middle of Interstate 80.

14. Plaintiff was able to bring the truck he was driving to a stop on Interstate 80.

15. However, Defendant Holdren failed to adequately slow or stop the Swift semi-truck and the Swift semi-truck slammed into Plaintiff's vehicle at a high rate of speed.

16. The force of the impact caused Plaintiff to suffer injuries which have required and will continue to require extensive medical treatment.

**FIRST CAUSE OF ACTION**
**(Negligence against Rigoberto Badilla)**

17. Plaintiff incorporates all preceding paragraphs herein and further alleges the following.

18. Defendant's actions constituted a breach of multiple duties of care including, but not limited to, his duty to exercise reasonable care and to avoid putting others in danger.

19. Defendant breached this duty by rear ending the vehicle travelling in front of him causing a back up in traffic on Interstate 80.

20. Defendant is liable for these acts of negligence and for such other acts of negligence as may become apparent during the course of discovery in this case.

21. As a direct and proximate cause of Defendant's negligence, Plaintiff suffered personal injuries.

22. As a direct and proximate cause of Defendant's negligence, Plaintiff suffered physical and emotional pain.

23. Plaintiff's injuries have caused a substantial decrease in the quality of his daily life.

24. As a direct and proximate cause of Defendant's negligence, Plaintiff has incurred economic and non-economic damages in an amount to be established at trial.

## SECOND CAUSE OF ACTION
(Vicarious Liability against North Coast)

25. Plaintiff incorporates all preceding paragraphs herein and further alleges the following.

26. At all relevant times, Defendant Badilla was acting within the course and scope of his employment with North Coast.

27. Defendant North Coast is vicariously liable for Defendant Badilla's negligence.

## THIRD CAUSE OF ACTION
(Negligent Hiring/Training/Supervision against North Coast)

28. Plaintiff incorporates all preceding paragraphs herein and further alleges the following:

29. Defendant North Coast's actions constituted a breach of multiple duties of care including, but not limited to, its duty to exercise reasonable care in hiring and/or retaining, training and/or supervising Defendant Badilla.

30. Defendant is liable for these acts of negligence and for such other acts of negligence as may become apparent during the course of discovery in this case.

31. As a direct and proximate cause of Defendant's negligence, Plaintiff suffered

personal injuries.

32. As a direct and proximate cause of Defendant's negligence, Plaintiff has suffered physical pain.

33. Plaintiff's injuries have caused a substantial decrease in the quality of his daily life.

34. Plaintiff has incurred and will incur economic and non-economic damages of a nature and amount presently unknown but will be proven at trial.

### FOURTH CAUSE OF ACTION
(Negligence against North Coast)

35. Plaintiff incorporates all preceding paragraphs herein and further alleges the following.

36. Defendant North Coast had a duty to provide its employees with the proper training, equipment, and tools necessary to complete all duties in a manner which prevented foreseeable risks of injury to other persons.

37. Defendant North Coast endorsed, ratified, or permitted to continue, unsafe work practices of its employees, which created a foreseeable risk of injury to foreseeable plaintiffs.

38. Defendant North Coast's work practices violated applicable rules and regulations, industry standards, and breached the standard of reasonable care.

39. As a result of these violations and breach of duty, Plaintiff suffered injuries and damages as stated herein.

### FIFTH CAUSE OF ACTION
**(Negligence against Michael Holdren)**

40. Plaintiff incorporates all preceding paragraphs herein and further alleges the following.

41. Defendant's actions constituted a breach of multiple duties of care including, but

not limited to, his duty to exercise reasonable care and to avoid putting others in danger.

42. Defendant breached this duty by striking Plaintiff's tractor trailer.

43. Defendant is liable for these acts of negligence and for such other acts of negligence as may become apparent during the course of discovery in this case.

44. As a direct and proximate cause of Defendant's negligence, Plaintiff suffered personal injuries.

45. As a direct and proximate cause of Defendant's negligence, Plaintiff suffered physical and emotional pain.

46. Plaintiff's injuries have caused a substantial decrease in the quality of his daily life.

47. As a direct and proximate cause of Defendant's negligence, Plaintiff has incurred economic and non-economic damages in an amount to be established at trial.

### SIXTH CAUSE OF ACTION
(Vicarious Liability against Swift Transportation)

48. Plaintiff incorporates all preceding paragraphs herein and further alleges the following.

49. At all relevant times, Defendant Holdren was acting within the course and scope of his employment with Swift Transportation.

50. Defendant Swift Transportation is vicariously liable for Defendant Holdren's negligence.

### SEVENTH CAUSE OF ACTION
(Negligent Hiring/Training/Supervision against Swift Transportation)

51. Plaintiff incorporates all preceding paragraphs herein and further alleges the following:

52. Defendant Swift Transportation's actions constituted a breach of multiple duties of

care including, but not limited to, its duty to exercise reasonable care in hiring and/or retaining, training and/or supervising Defendant Holdren.

53. Defendant is liable for these acts of negligence and for such other acts of negligence as may become apparent during the course of discovery in this case.

54. As a direct and proximate cause of Defendant's negligence, Plaintiff suffered personal injuries.

55. As a direct and proximate cause of Defendant's negligence, Plaintiff has suffered physical pain.

56. Plaintiff's injuries have caused a substantial decrease in the quality of his daily life.

57. Plaintiff has incurred and will incur economic and non-economic damages of a nature and amount presently unknown but will be proven at trial.

## EIGHTH CAUSE OF ACTION
(Negligence)

58. Plaintiff incorporates all preceding paragraphs herein and further alleges the following:

59. Defendant Swift Transportation had a duty to provide its employees with the proper training, equipment, and tools necessary to complete all duties in a manner which prevented foreseeable risks of injury to other persons.

60. Defendant Swift Transportation endorsed, ratified, or permitted to continue, unsafe work practices of its employees, which created a foreseeable risk of injury to foreseeable plaintiffs.

61. Defendant Swift Transportation's work practices violated applicable rules and regulations, industry standards, and breached the standard of reasonable care.

62. As a result of these violations and breach of duty, Plaintiff suffered injuries and damages as stated herein.

WHEREFORE, Plaintiff demands judgment against Defendants for a just amount together with pre- and post-judgment interest and costs as follows:

1. For general damages in an amount to be proven at trial;

2. For special damages in an amount to be proven at trial, and

3. For Plaintiff's attorney's fees and costs incurred herein, together with such other and further relief as the Court may deem appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims and issues asserted herein that are properly triable to a jury.

DATED this 20th day of November, 2020.

**LOWE LAW GROUP**

\_/s/ James Jackson_____
James Jackson
Eric Hinckley
Attorneys for Plaintiffs